CULPEPPER, Judge.
Plaintiff seeks workmen’s compensation benefits for total and permanent disability. He cut his leg while sawing pulpwood on land owned by Mr. Floyd Gill. Defendants are R. VanZandt, Inc., a pulpwood broker and its insurer. Plaintiff contends he was either the broker’s employee or independent contractor doing manual labor at the time of the accident. Defendants contend plaintiff bought the wood from Gill and sold it to VanZandt and hence the relationship between plaintiff and Van-Zandt was that of vendor and vendee. From an adverse judgment, plaintiff appealed.
The facts show that on April 1, 1966, plaintiff decided to buy a truck and enter the business of hauling pulpwood. He talked to Mr. Gill, who' wanted to sell some pulpwood and plywood timber from a tract of land near Glenmora. They agreed on a price of $4.25 per cord for the pulpwood.
Plaintiff then went to the VanZandt woodyard at McNary and talked to Mr, Doug Ashmore, manager of the yard, about selling the wood. When Ashmore learned that the wood was to come from the Gill tract, he said he would have to confirm any agreement with Mr. Gill. He and Gill had been in some previous difficulty about compensation insurance on a man who had cut wood from the Gill tract and sold it at the VanZandt yard. However, Ash-more did offer plaintiff a job hauling pulpwood which VanZandt had purchased from the International Paper Company. Plaintiff started this job about April 7, 1966 and, while so engaged, was admittedly an employee of defendant covered by its insurance.
Mr. Ashmore later contacted Gill at his grocery store in Glenmora and they discussed the Gill timber. The evidence is clear that no agreement was reached whereby Ashmore purchased this pulpwood from Gill. There was no understanding as to any price for stumpage. Ashmore did not inspect the timber or the property lines. In short, Ashmore did none of the things which a purchaser of pulpwood would normally do. Ashmore’s only agreement with Gill was to withhold for Gill the stumpage on any pulpwood which was cut and hauled from the Gill tract.
During the period from April 7 to- April 13, 1966, plaintiff cut and hauled eight loads from the International Paper Company tract to defendant’s woodyard at McNary. Ashmore testified plaintiff quit this tract without notice or good reason. Plaintiff *99 says he had to quit because it was too wet. In any event, he left the paper company tract and went to haul wood for Mr. Robert Cloud, another broker.
Apparently it was while plaintiff was hauling wood for Mr. Cloud that he and his son, Wesley Wayne Deramus, had further negotiations with Mr. Gill. Because of a previous occasion on which he was sued, Mr. Gill was very concerned that the workers cutting pulpwood from his land be covered by insurance. Accordingly, he required both the plaintiff and plaintiff’s son, Wesley W. Deramus, who owned a truck and also- hauled wood from the Gill tract, to sign an affidavit that compensation insurance would be carried on all men working on the Gill property.
There is testimony by plaintiff that he thought he was fulfilling the requirements of this affidavit, because he understood the VanZandt woodyard was carrying insurance on all wood which he sold there, regardless of its source. However, neither plaintiff nor Mr. Gill could testify that Ashmore, or any other representative of the wood-yard, ever agreed to furnish such insurance on wood which defendant did not own. Mr. Ashmore explained that they furnish insurance where they own the wood at the time it is cut. But, they do not furnish insurance where they purchase the wood at their yard from an independent hauler.
• On May 17, 1966, Wesley Wayne Der-amus hauled the first load from the Gill tract to defendant’s woodyard. On reaching the yard, Mr. Ashmore required that plaintiff’s son sign a customary affidavit that the wood was being purchased from Gill by Deramus, not by defendant; and that defendant was authorized to withhold $4.25 as stumpage for Mr. Gill. During the next week, several loads were hauled by plaintiff’s son and another man named Goodman, who worked with plaintiff, to defendant’s yard. Plaintiff was injured on May 23, 1966 while cutting some of the wood on the Gill tract.
From the above facts, it is clear that this pulpwood was purchased by Dera-mus from Mr. Gill. They agreed on the timber to be cut, the price of $4.25 per cord and even agreed that Deramus was to furnish insurance. The cutting and hauling were under the exclusive control of plaintiff and his son. The defendant woodyard did not agree to the price of $4.25 per cord, did not purchase the timber from the landowner, nor did it exercise any control whatever over the cutting or hauling. Under the jurisprudence, it is clear that the relationship between plaintiff and defendant was that of vendor and vendee; and that the defendant is not liable to plaintiff for workmen’s compensation. Collier v. Southern Casualty Insurance Company, La.App., 186 So.2d 161.
Plaintiff also contends he was employed by defendant over a long period of time to cut wood on various tracts of land under such circumstances that he had a right to assume he was an employee of the woodyard, regardless of what tract he was cutting. The facts do not support this contention. Actually, after the plaintiff left defendant’s International Paper Company tract on April 17, 1966, he did not personally haul a single load of wood to defendant’s woodyard at McNary. As stated above, when he left the paper company tract he went to work for Robert Cloud. He then went to cut wood from the Gill tract, which the evidence shows plaintiff had purchased from Mr. Gill. Plaintiff’s son hauled all of this wood. There is no evidence of any statement, representation or course of conduct on the part of the defendant from which plaintiff had the right to assume that his employment continued from tract to tract. Vinzant v. L. L. Brewton Pulpwood Company, 239 La. 95, 118 So.2d 117 (1960).
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.